**Hughes Hubbard & Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

March 4, 2020

BY ECF AND HAND DELIVERY

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation, 18-md-2865 (LAK)

Dear Judge Kaplan:

We write on behalf of Plaintiff Skatteforvaltningen ("SKAT"), with the consent of the defendants, respectfully to ask the Court to enter:

(i) the proposed order annexed as Exhibit 1 to the Declaration of Marc A. Weinstein, dated March 4, 2020 ("Weinstein Decl."), directing SKAT to produce to defendants the documents (the "Elysium documents") SKAT received in its action pending before the Dubai International Financial Centre Courts against Elysium Global (Dubai) Limited and Elysium Properties Limited; and

(ii) the proposed Amended Stipulated Protective Order Governing Confidentiality of Discovery Materials annexed as Exhibit 2 to the Weinstein Declaration, clarifying that the parties may designate discovery materials as "Confidential" under the order if they contain personal data entitled to protection under the European Union's General Data Protection Regulation or other applicable law.[1]

---

1. On February 5, 2019, the Court entered the Stipulated Protective Order Governing Confidential of Discovery Materials [No. 18-md-2865-LAK, ECF No. 73] in these actions. A blackline reflecting the parties' proposed amendments to the Protective Order is annexed as Exhibit 3 to the Weinstein Declaration.

We describe below SKAT's action in the Dubai International Financial Centre ("DIFC") Court, the documents that SKAT has obtained in proceedings in the DIFC pursuant to search orders, and the requests by defendants in the multidistrict proceedings before this Court that SKAT produce these documents. The first proposed order will permit SKAT fully and timely to comply with defendants' document requests without undertaking a laborious and expensive process of reviewing for and redacting personal data otherwise protected by the European Union's General Data Protection Regulation.

The second proposed order will amend the existing protective order to protect personal data and other confidential information in the documents that defendants have requested and that SKAT seeks to produce.

### SKAT's action in the Dubai International Financial Centre Courts against Elysium.

In 2018, SKAT commenced proceedings in the DIFC Courts against the Elysium companies which, as SKAT alleges in the DIFC proceedings, "are controlled and ultimately owned by" Sanjay Shah, who also "controlled and ultimately owned" Solo Capital Partners LLP. (Weinstein Decl. Ex 4 [Sept. 26, 2018 Claim Summary] ¶¶ 1, 4.)

Solo Capital Partners LLP, along with its affiliates Old Park Lane Capital PLC, Telesto Markets LLP, and West Point Derivatives Ltd., together issued 2,473 false dividend credit advices that the defendants in 154 actions in these consolidated proceedings submitted to SKAT purporting to evidence the defendants' ownership of Danish shares, receipt of dividends, and suffering of withholding tax. (*See, e.g.*, *SKAT v. The Bradley London Pension Plan*, No. 18-04047 (LAK), ECF No. 1, Complaint ¶¶ 46-48.) As a result of these defendants' fraudulent refund applications, SKAT paid DKK 6,942,139,603, or approximately $1,033,748,000, to payment agents authorized by the defendants to act on their behalf. SKAT alleges in the DIFC action that "[a] substantial portion of the sums paid to" the payment agents "was subsequently paid to Solo Capital Partners LLP . . . and thereafter paid to a large number of individuals and entities connected to Mr. Shah." (Weinstein Decl. Ex. 4 ¶ 4.)

### The Elysium documents.

Pursuant to search orders issued by the DIFC Court, SKAT has obtained (or is in the process of obtaining) from Elysium approximately nine million discrete documents, many of which are highly relevant to the 154 actions in these consolidated proceedings where the defendants submitted to SKAT dividend credit advices issued by Solo Capital and its affiliates. (*See, e.g.*, Weinstein Decl. Ex. 5 [June 27, 2018 Search Order].) The DIFC court established procedures for a neutral third party to review the documents for privilege before they are turned over to SKAT, and for determining any claims of privilege that the Elysium entities may assert. To date, approximately six million non-privileged Elysium documents have been disclosed to SKAT, the bulk of which were disclosed in August and October 2019. The privilege review of the remaining documents is ongoing in Dubai.

### The defendants' document requests to SKAT.

On January 17, 2020, certain of the defendants in these actions served on SKAT consolidated document requests seeking, among other things, the Elysium documents.

3

Specifically, defendants, in relevant part, seek production of (i) "[a]ll documents maintained or owned by Solo Capital [or] affiliates of Solo Capital . . . that are in SKAT's possession, custody or control;" and (ii) "[a]ll communications concerning the trading of Shares by Solo Capital [or] affiliates of Solo Capital . . . that are in SKAT's possession, custody or control." (Weinstein Decl. Ex. 7, Request Nos. 27 & 28.)

The approximately six million Elysium documents in SKAT's possession are responsive to these requests. As SKAT is subject to the European Union's General Data Protection Regulation, however, SKAT's processing, transfer, and disclosure of the personal data of data subjects in the Elysium documents to defendants must have a lawful basis under the Regulation.

### The proposed orders.

SKAT asks the Court to enter the proposed orders annexed hereto to confirm that SKAT is obligated under Federal Rules of Civil Procedure 26 and 34 to produce the Elysium documents to the defendants, and that personal data in the documents entitled to protection under the Data Protection Regulation will be treated as "Confidential" under the terms of the protective order.

Under the Regulation, SKAT is permitted to process personal data for the purpose of complying with its discovery obligations in these proceedings. In particular, under Article 6(1)(e) of the Regulation, it is lawful for SKAT to process an individual's personal data "for the performance of a task carried out in the public interest," which includes SKAT's U.S. actions to recover the proceeds of the fraud. In addition, Article 9(2)(f) permits SKAT to process an individual's special categories of personal data, such as data revealing their racial or ethnic origin, if doing so "is necessary for the establishment" of SKAT's "legal claims" against the defendants. Article 49(1)(e) similarly permits SKAT to transfer personal data to the defendants in the United States where doing so "is necessary for the establishment" of SKAT's "legal claims."

To protect the privacy interests of the individuals whose personal data is contained in the Elysium documents, SKAT will designate the documents as "Confidential" under the parties' proposed amended protective order. Consistent with the Data Protection Regulation's minimization principle that processing personal data be "limited to what is necessary in relation to the purposes" of the processing, Art. 5(1)(c), paragraph 19 of the protective order governing discovery in these proceedings (paragraph 21 of the parties' proposed amended order) provides that the materials produced in discovery in these actions may be used by the receiving party only for the purpose of this and related litigation. Defendants have acknowledged to SKAT that they will treat the Elysium documents as confidential under the protective order and use them only for the purpose of this and related litigation.

Accordingly, SKAT respectfully requests that the Court enter the proposed orders annexed hereto, directing SKAT to produce the Elysium documents, subject to the documents being treated as confidential under the amended protective order.

Respectfully submitted,

Marc A. Weinstein

Enclosures

cc:   All counsel of record (via ECF)